Judge Mills
delivered the opinion.
This is a writ of forcible entry and detainer, for a bouse, field, and surrounding tract of land. The jury, before the justice of the peace, found the defendant in the warrant guilty, generally, of the force complained of; and he tenr dered a traverse and removed the cause to the circuit court. On the trial of the traverse in that court, the plaiutiff in the warrant proved the defendant ir. the warrant guilty of the forcible entry and detainer in the house, but failed to shew him guilty of any entry into the field or adjoining land. Whereupon the traverser, defendant in the warrant, moved the court to instruci the jury, that unless they found the defendant in the warrant guilty in toto, as found by the former jury, they must find for the defendant entirely; and that they could cot find (he inquisition true in part and false in part. This instruction the court accordingly gave; and the propriety of it is the sole question for the decisiou of this court.
It cannot be contended that the jury, who tried this cause in the country, had no right to find part of the complaint true and .¡ part false, and that the plaintiff in the warrant was then entitled to recover nothing, because he claimed too *165 much. It is impossible to read the act of assembly, under widen these proceedings are bad, and not believe that the legislature intended that the issue sbouid be as broad, and the rights of the parties should remain tin? same in the circuit court, as they were before the justice of the peace. This certainly ought to be the case, unless the manner of making up the issue carries with it some technical imperious rule of common law, which requires the plaintiff in the warrant to shew right to all the claims, and if be does not, that he sbali not be allowed to recover that part to which bis right is indisputable. We are, however, aware of no such rule. The principle is universal, that the jury shall respond to the facts truly, This they may do by special verdict, stating such facts as they find, and the judgment of law then determines whether the facts found sustain the issue. Or they may Sad a general verdict, under the decision of the court, on being satisfied that the facts proved do or do not support the issue. Their consciences, however, are never tramelled by any rule, compelling them to say, on their oaths, that although the person holding the affirmative may have supported the issue as to part, that they shall say, against truth, that such fact is not supported. Even in criminal cases, where life or liberty are involved, it never was held necessary that the government, to sustain the issue of not guilty, should prove the whole charge made to its full extent If enough is proved to shew a crime of the species charged, although far less in magnitude than the crime charged, the issue is always adjudged to be supported. These principies may well apply to, and govern, this case. The plaintiff in the warrant, we conceive, out of caution, might charge more than he was able to prove, and recover restitution of that which he could prove. The jury below having found too much, might entitle the defendant to a correction of that excess in the circuit court; but it certainly never could entitle him to a finding in his favor, as to the residue, so as to forever bar the recovery of that part, as to which he was indubitably guilty. Such a construction would place the remedy iu question under such rigid rules as would frequently bar the plaintiff in the warrant, and cause him, because b'is proof did not reach the whole complaint, or because the jury before the justice of the peace, over whom he had no control, found inadvertently too much, to loose that to which both in law and conscience he was entitled.
fVicIdiffe for plaintiff, Hardin for defendant.
The decision of the court below is therefore deemed erroneous. and ffius( be reversed with costs, and the cause be remanded for new proceedings consistent with this opinion.